*898 OPINION.
Green:
If the notes which the partnerships received from the purchasers of the. residences and which it sold in the same year are to be treated as the equivalent of cash, then by stipulation of counsel for the taxpayer there is no controversy as to the correctness of the computation of income for the respective years in question. Counsel for the taxpayer contends that the deficiencies for the years in question have been incorrectly determined and in support of the same submits three alternative arguments, — first, the monies received by the partnerships from the sale of the notes were advances to the partnerships upon their own credit and should not be considered as sales of the notes in the sense that a profit or loss was ascertained therefrom at the time the transactions took place; second, all sales in which one-fourth or less of the sale price was received in the year of sale were installment sales and should be included on the installment basis in arriving at the net income of the respective partnerships; and, third, the notes, without the partnership endorsement, could not have been sold for more than 80 per centum of their face value and a 20 per centum discount should be applied when determining income.
We think none of the contentions of counsel for the taxpayer are controlling by reason of the facts in this appeal. The respective partnerships sold residences during the years in question for which they received certain cash payments and notes of the purchasers of the residences secured by vendor’s lien or deeds of trust — the partnerships sold the notes during the years in question for their face value. For example, if a residence was sold for $5,000, the partnership receiving $1,000 in cash and notes for $4,000, and if it sold the notes for $4,000 cash, it thus received full payment, for its property and should report as income the difference between the amount received and the cost of the property sold. Under such a state of facts, the cash received on the sale of notes can not be disregarded and the installment sale provisions of the statute applied, or a discount value allowed for the notes in question.
It is true that when the partnerships sold the notes they were also endorsers thereon, and no doubt their endorsement was the reason for their receiving the face value of the notes, but during the years in question no losses were sustained by reason of endorsement of the notes and their liability would only arise when the purchasers of the residences defaulted in payment and execution was had under the vendor’s lien or deed of trust, neither of which contingencies occurred during the years in question.

Judgment for the Commissioner.